IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHELBY DEAN SKAGGS,

    **Plaintiff,**

v.                                    Case No. 3:13-cv-3293

MICHAEL CLARK,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## OF STATUS CONFERENCE

On January 23, 2014, the undersigned conducted a status conference in the above-styled civil action. Plaintiff appeared via videoconference from the Pleasants County Courthouse. Defendant Michael Clark appeared by counsel, Tim J. Yianne, of the law firm of Mannion & Gray.

The Court first addressed the Plaintiff's Motion to Amend the Complaint to add additional defendants. (ECF No. 61). Plaintiff seeks to join ten individuals and corporations for alleged constitutional violations, some that arise from the same factual allegations set forth in the complaint herein, and some that do not. For the following reasons, the Court **GRANTS,** in part, and **DENIES,** in part, Plaintiff's motion:

    1.    The complaint shall be amended to add Dr. Dominique Wong as a defendant. Plaintiff explained that Dr. Wong was the primary medical provider at the Western Regional Jail from whom Plaintiff sought care and treatment for his legs and feet. According to Plaintiff, even though Dr. Wong knew that Plaintiff was relegated to a

wheelchair after his leg brace and corrective shoes were taken, Dr. Wong failed to provide the care necessary to restore Plaintiff's ability to walk. As a result, Plaintiff remains wheelchair-bound. Plaintiff further explains that he did not identify Dr. Wong as a defendant earlier, because he only recently received his medical records from the Western Regional Jail. Accordingly, Plaintiff has stated a sufficient factual basis to warrant the joinder of Dr. Wong.[1]

2.  Plaintiff's request to add Prime Care Medical and AIG Property and Casualty Company is denied. Plaintiff's sole reason for joining Prime Care Medical in this action is because that company allegedly employed Dr. Wong. However, under § 1983, Prime Care is not a "person" subject to suit, and the doctrine of *respondeat superior* is not a basis for liability. *Little v. Tygarts Valley Regional Jail,* Civ. No. 5:12-cv-148, 2013 WL 5744780, *2 (N.D.W.Va. Oct. 23, 2013). Similarly, AIG Property and Casualty Company is neither a "person," nor a state actor for purposes of liability under § 1983. Therefore, these companies are not proper defendants in this action.

3.  Plaintiff's request to add Officer Berlin as a defendant is granted, but not his request to add Sergeant Lambert. Plaintiff claims that Officer Berlin intentionally slammed a door on Plaintiff's shoulder while he was sitting in his wheelchair, causing Plaintiff to suffer an injury that still causes him pain and physical limitations. Therefore, Plaintiff states a basis to add Officer Berlin. On the other hand, Plaintiff's allegations against Sergeant Lambert are confined to Plaintiff's dissatisfaction with the manner in which Sergeant Lambert followed-up on Plaintiff's complaint regarding the injury inflicted by Officer Berlin. Such allegations simply do not state a plausible claim for

---

[1] Plaintiff asked to join the Medical Administrator at Western Regional Jail, but after some discussion, the undersigned determined that the Medical Administrator referenced by Plaintiff was Dr. Wong. Therefore, the joinder of Dr. Wong also serves to join the individual Plaintiff identified as the Medical Administrator.

relief under § 1983.

4. Plaintiff's request to join Dr. Dionisio Policarpio, Wexford Health, Ralph Price, and Amanda Bell, L.P.N., is denied given that these individuals are located at the St. Mary's Correctional Center in Pleasants County, which is in the Northern District of West Virginia. Moreover, the claims against these individuals are entirely unrelated to the allegations in this case.

Therefore, Plaintiff is hereby **ORDERED** to file an amended complaint within **twenty (20) days** of the date of this order that sets forth in detail the alleged acts or omissions of Dr. Wong and Officer Berlin that Plaintiff claims violated his constitutional rights; the specific injuries he attributes to Dr. Wong and Officer Berlin; and his claims for relief against them. Once Plaintiff has filed the amended complaint, the Clerk is hereby **ORDERED** to serve Dr. Wong and Officer Berlin with a summons and amended complaint.

The Court next considered Plaintiff's Motion to Compel the Western Regional Jail and/or the Division of Corrections to provide Plaintiff with documentation regarding the destruction, or the delivery to his family, of his shoes and leg brace. (ECF No. 63). The undersigned advised Plaintiff that although Western Regional Jail and the Division of Corrections had been dismissed from the action, the Court would make such a request for the documentation. Having now reviewed additional records, the Court notes that in ECF No. 65, the Division of Corrections states that the documentation requested by Plaintiff is contained in his medical records, which were previously provided to Plaintiff. Consequently, the Court **DENIES** this motion as moot.

Finally, the Court **DENIES** the Motion of Michael Clark to Compel Compliance with Court Order, (ECF No. 64), as moot. According to counsel for defendant Clark,

Plaintiff has now provided an authorization for the release of medical records. Therefore, the issue has been resolved.

Once the amended complaint has been filed, served, and answered, the Court will enter a revised scheduling order.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** January 24, 2014.

Cheryl A. Eifert
United States Magistrate Judge