IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

SHELBY DEAN SKAGGS,

     Plaintiff,

v.                                 Case No. 3:13-cv-03293

MICHAEL CLARK,
DR. DOMINIQUE WONG, and
OFFICER BERLIN,

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Robert C. Chambers, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  This matter is proceeding on the plaintiff's Amended Complaint (ECF No. 80), which alleges claims of deliberate indifference to a serious medical need by Dr. Dominique Wong, a contracted health care provider at the Western Regional Jail ("WRJ"), Michael Clark, former Administrator of the WRJ, and Officer Berlin[1], a former correctional officer at the WRJ.

Pending before the court are the following motions:  Dr. Dominique Wong's Motion to Dismiss Amended Complaint or, in the alternative, Motion for Summary Judgment (ECF No. 86), and Defendant Berlin's Motion to Dismiss or, in the alternative, Motion to Quash Service (ECF No. 92).  Defendant Michael Clark filed an

---

[1]  According to the pending Motion to Dismiss or, in the alternative, Motion to Quash Service (ECF No. 92), defendant Berlin's first name is Matthew.

Answer to the Amended Complaint, and discovery is proceeding concerning the plaintiff's claim against him in his individual capacity.

## THE PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff's claims arise out of the alleged confiscation, without explanation, by defendant Michael Clark of a special shoe containing an elevation insert that was worn by the plaintiff on his left foot in order to compensate for a difference in his leg length as a result of a mining accident in 1983.[2]  The plaintiff wore a brace on his right leg and special shoes on both feet.  The plaintiff alleges that after his left shoe was taken, he was forced to use only his right shoe and brace until they broke from the added strain and, since that time, he has been confined to a wheelchair.

The plaintiff's Amended Complaint alleges that Dr. Dominique Wong[3], a contracted medical provider at the WRJ, was aware of the plaintiff's condition and the broken brace and right shoe.  (ECF No. 80 at 1).  The plaintiff further alleges the following concerning Dr. Wong's conduct:

> I filed sick call requests to have medical repair and replace brace and shoe.  Medical ignored my requests and put me in a wheelchair.  Dr. Wong wrote that patient should have ortho shoe for left side to correct leg length discrepancy.
>
> Dr. Wong knew about the problems I was having and did nothing to correct the problem or to relieve the pain I was suffering except give me 325 mg of acetaminophen.
>
> Dr. Wong and [her] staff were responsible for my brace and shoe since it was taken from me in medical yet Dr. Wong ignored my health and my condition by being deliberately indifferent to my health and welfare.

(*Id.* at 1-2).

---

[2]  Although the Amended Complaint and other pleadings do not indicate a date on which the confiscation allegedly occurred, the Proposed Findings and Recommendation of United States Magistrate Judge Cheryl A. Eifert states that this incident occurred on or about April 14, 2012.  (ECF No. 71 at 2).

[3]  The plaintiff mistakenly describes Dr. Wong as being male when, in fact, Dr. Wong is female.

The plaintiff's Amended Complaint further alleges that, on September 16, 2012, Officer Berlin slammed a steel door into the plaintiff's shoulder as he was entering the medical unit in his wheelchair.  (*Id.* at 2).  The Amended Complaint further alleges that, after three months of having pain in his right shoulder, Dr. Wong finally ordered an x-ray of his shoulder on January 8, 2013, stating that the plaintiff probably had a rotary cuff strain.  (*Id.*)  The plaintiff alleges that he still suffers from pain in his right shoulder, as well as in his back and legs from the failure to replace his brace and shoes.  (*Id.*)  The plaintiff seeks injunctive relief in the form of an order to provide him with a new brace and shoes and monetary damages, including payment for any future rehabilitation services or operations, as a result of his injuries and lack of treatment.  (*Id.*)

On May 14, 2014, Dr. Wong filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 86) and a Memorandum of Law in support thereof (ECF No. 87).  On June 3, 2014, the plaintiff filed a Response to Dr. Wong's Motion (ECF No. 97).  On June 16, 2014, Dr. Wong filed a Reply brief.  (ECF No. 98).

On May 20, 2014, Officer Matthew Berlin, by counsel, filed a Motion to Dismiss or, in the alternative, Motion to Quash Service (ECF No. 92) and a Memorandum of Law in support thereof (ECF No. 93).  The motion asserts that, at the time that service of process was attempted upon Officer Berlin by certified mail, return receipt requested, at the WRJ, Officer Berlin was no longer employed at the WRJ and, thus, service was not properly perfected.

On May 23, 2014, after obtaining Officer Berlin's last known home address from defense counsel, the undersigned entered an Order (ECF No. 94) directing the Clerk to prepare a new summons and to serve the same by certified mail, return receipt requested, at Berlin's last known address.  Officer Berlin's motion was taken under

advisement, pending the attempted service. (*Id.*)  However, on May 30, 2014, the reissued summons was returned unexecuted as undeliverable with no known forwarding address. (ECF No. 96).  The pending motions are ripe for adjudication.

## STANDARD OF REVIEW

### *Dismissal for failure to state a claim upon which relief can be granted*

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.   However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

4

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

<em>Summary Judgment</em>

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010).  Material facts are those necessary to establish the elements of a party's cause of action.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant.  *Id.*  The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

> declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

If a party's motion relies upon materials outside of the four corners of the Complaint to support its claim or defenses, the court may treat a motion to dismiss as

one for summary judgment pursuant to Rule 56.  *See Jeffers v. Wal-Mart Stores, Inc.*,
84 F. Supp.2d 775, 777 (S.D. W. Va. 2000).

## ANALYSIS

### A.    Officer Berlin's Motion to Dismiss or Motion to Quash Service.

Because the plaintiff is proceeding *in forma pauperis*, the court is responsible for
service of process on his behalf.  *See* 28 U.S.C. § 1915(d).  As noted above, the first
attempt at service of the summons for Officer Berlin was made by certified mail, return
receipt requested, at the WRJ.  As noted in Officer Berlin's Memorandum of Law in
support of his motion, the return receipt was signed by Sarah Patterson, an employee of
the WRJ.  (ECF No. 93 at 1).  However, at that time, Officer Berlin was no longer
employed at the WRJ, and neither Ms. Patterson, nor anyone else at the WRJ, was
authorized to accept service on his behalf.  (*Id.* at 2-3).  Accordingly, Officer Berlin's
motion asserts that the claim against him should be dismissed, pursuant to Rule
12(b)(5) of the Federal Rules of Civil Procedure, for insufficient service of  process, that
the attempted service be quashed, or that the court grant any other relief it deems
appropriate.

On May 23, 2014, the undersigned directed the Clerk to reissue the summons for
Officer Berlin and to serve the same at his last known address which was provided by
defense counsel.  (ECF No. 94).  However, as noted above, that attempt at service also
failed.

Although the court is charged with assisting the plaintiff with service of process,
neither the court, nor the defendants, are required to be advocates for the *pro se*
plaintiff.  Defense counsel provided the last known address for Officer Berlin who,
apparently, no longer lives at that address.  The court has no responsibility to continue

to search for Officer Berlin in order to try to perfect service of process for the plaintiff.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the attempted service of process upon Officer Berlin at the WRJ was improper and that such service should be quashed. The undersigned further proposes that the presiding District Judge **FIND** that additional attempts at serving Officer Berlin have been unsuccessful and that there is no viable way to obtain personal jurisdiction over the plaintiff's claim against him. For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Officer Berlin's Motion to Dismiss Amended Complaint or in the alternative Motion to Quash (ECF No. 92) and dismiss Officer Berlin as a defendant herein.

**B.     Dr. Wong's Motion to Dismiss or, in the alternative, Motion for Summary Judgment .**

Dr. Wong has moved to dismiss the plaintiff's Amended Complaint because it fails to state a plausible claim of deliberate indifference to a serious medical need against her and because the plaintiff has failed to comply with the pre-requisites of the Medical Professional Liability Act ("MPLA"), W. Va. Code §§ 55-7B-1 *et seq.* Dr. Wong also asserts that she is entitled to qualified immunity. In the alternative, Dr. Wong asserts that she is entitled to judgment as a matter of law on the plaintiff's deliberate indifference claim. The undersigned will address each argument in turn.

*Deliberate indifference to a serious medical need*

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable

measures to guarantee the safety of the inmates.'"  The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'"  *Id.,* at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety."  *Id.,* at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*, at 837.  "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.*"  Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases).  "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard.  *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

9

> A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851-852. Because Dr. Wong is a contracted medical provider for the West Virginia Regional Jail and Correctional Facility Authority, a state agency, the deliberate indifference standard is applicable to her conduct. *West v. Atkins*, 487 U.S. 42 (1998).

The burden of demonstrating deliberate indifference to a serious medical need is very high. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in *Sosebee*, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct <u>might</u> establish deliberate indifference to a serious medical need.

In *Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977), the plaintiff, who had complained numerous times of eye problems and loss of vision, claimed that he was cursorily examined after his initial complaint, but never re-examined despite later complaints. The doctor claimed that he examined Webster several times, but never diagnosed a medical problem with his eye. *Id.* at 1286. Subsequently, a specialist found

10

that Webster's vision had deteriorated to 20/400 and that he suffered from a detached retina and iritis, and that his vision could not be restored.  *Id.*  The Fourth Circuit found that, even if the doctor had been negligent in failing to properly diagnose or treat Webster, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need and, thus, Webster's allegations did not constitute a cognizable constitutional claim.  *See also, Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).  As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Dr. Wong's Memorandum of Law asserts that the plaintiff's Amended Complaint neither properly pleads nor meets the legal threshold for a viable Eighth Amendment claim.  (ECF No. 34 at 4-5).  Her Memorandum of Law states:

> In this case, Skaggs alleges that his leg length discrepancy constitutes a "health condition" under the objective prong of the 8th Amendment analysis, and claims that Dr. Wong acted with deliberate indifference to his "health and welfare" by not replacing his damaged shoe and brace and by not prescribing stronger pain medication.  He further asserts that Dr. Wong delayed ordering an x-ray and treating his shoulder injury.  Notably, he fails to allege that his leg length discrepancy is a serious medical condition.  He alleges only that Dr. Wong showed deliberate indifference to his "health and welfare" and that she ignored his "health" and his "condition."
>
> Many courts addressing the issue have concluded that a leg length disparity is not a sufficient serious medical condition to support a claim

under the 8th Amendment. *See Shakur v. Furey*, 2010 WL 116836 (D. Conn. Apr. 8, 2010) (unpublished opinion) (plaintiff failed to show through case law or medical opinion that 3/8 inch leg length difference constituted a serious medical need); *Graham v. Aponte*, 2009 WL 249779 (E.D. Va. Feb. 2, 2009) (unpublished opinion) ("[T]he discrepancy in the length of plaintiff's legs which requires a 3/8-inch lift in one shoe is not a sufficiently serious medical need or condition to satisfy the objective component of an Eighth Amendment claim."); *Turner v. Solorzano*, 2006 WL 2523410 (M.D. Fla. Aug. 30, 2006) (unpublished opinion) (finding that a 3/8-inch disparity in length of inmate's legs was not a serious medical need), *aff'd*, 228 Fed. Appx. 922, 923-24 (11th Cir. 2007); *Haverty v. Crosby*, 2006 WL 839257 (N.D. Fla. Mar. 28, 2006) (unpublished opinion) (finding that a 3/4-inch difference in the length of the plaintiff's legs "does not rise to the level of a serious medical need").

Even assuming, for the sake of argument, that the Plaintiff could establish that his leg length disparity is a serious medical need, he can still not show any deliberate indifference on the part of Dr. Wong in addressing that need. Beyond his bald statement in his Amended Complaint against her that she was unaware of his leg length discrepancy and that she did nothing to correct the problem or relieve his pain, which he equates to deliberate indifference, there is nothing to support such a legal argument. Likewise, his complaint that she delayed an x-ray of his injured shoulder, which he also claims amounted to deliberate indifference to his "health and welfare" is not sufficient to rise to the legal standard required for an 8th Amendment violation. Even taking his own unsupported allegations as true, they support, at best, a claim for medical negligence. "A complaint that a physician has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the 8th Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 286, 50 L. Ed.2d 251 (1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Sosebee v. Murphy*, 797 Fd.2d 179, 181 (4th Cir. 1986).

(ECF No. 87 at 5-7).

Dr. Wong also filed an Affidavit in which she states that she was only one of several physicians who provided care at the WRJ. (ECF No. 86, Attach. 1 at 1). The Affidavit further states, in pertinent part:

16.    As an acute care physician for PrimeCare, I only see patients with acute, not chronic, medical problems. During Mr. Skagg's entire period of incarceration at Western Regional Jail, I saw him only twice for complaints related to his orthotic shoe and once for complaints of shoulder pain.

17.     On July 30, 2012, I saw him for a complaint that his brace and shoe were falling apart.  At that time, I noted that there was a gap in the sole of the shoe where the brace had entered, but there were no sharp metal or other potential irritants.   <u>He was not complaining of pain at that time</u>.  I further noted that the patient had already been instructed to have his family return the brace for repair and that he should have an orthotic shoe for the left side to correct his leg length discrepancy.

18.     On January 3, 2013, I was notified by telephone that Mr. Skaggs was complaining of right shoulder pain and stated that his shoulder was shut in a door by a Corrections Officer.  I gave a verbal order for an x-ray of his right shoulder and followed up by seeing him on January 7, 2013 at the jail.  At that time, he complained that his right leg brace was broken and that his family would not pay for a replacement.  Medical records showed that the broken boot had been taken from him the day before (January 6, 2013) and he had been provided a wheelchair.  He also complained of back pain and shoulder pain, which, upon examination, I thought was likely a rotator cuff strain.  The results of the previously-ordered x-ray of his right shoulder had not yet been received, so I reiterated the order.  I ordered acetaminophen, 325 mg, 2 tablets by mouth BID, PRN from 1/7/13-2/6/13 for his pain.

19.     The final x-ray report of his right shoulder was received on January 8, 2013 and showed no evidence of dislocation and no evidence of acute  fracture.

20.     I was never deliberately indifferent to the medical needs of the plaintiff, serious or otherwise.

(*Id.* at 2-3).

The plaintiff's Response reiterates the deliberate indifference standard and largely repeats his conclusory allegations that Dr. Wong knew of his "medical problems" and "did nothing to percue [sic; procure] shoes and brace."  (ECF No. 97 at 3).  The Response further asserts that "Defendant left plaintiff in a wheelchair from 1-7-2013 till [sic; until] plaintiff's release [to the] Division of Corrections.  Defendant knew about brace malfunctioning as early as 7-30-12, yet never took steps to eliminate problem." (*Id.*)  The plaintiff has attached to his Response excerpts from his medical records to

support his contention that Dr. Wong had been aware of the problem of his broken brace and shoe since July of 2012 and that he had filed several sick call request slips asking to have the appliance repaired or replaced.  (*Id.*, Attach. 1).

On June 16, 2014, Dr. Wong filed a Reply brief.  (ECF No. 98).  The Reply contends that:

> [T]he medical records submitted by the Plaintiff show that rather than ignoring his pain or showing deliberate indifference, Dr. Wong took steps to alleviate the Plaintiff's pain when he reported it to her.  Further, Dr. Wong did not confiscate his shoe and brace as the Plaintiff states in his Response (ECF No. 97 p. 402) nor is there anything in the record that suggests that she had a duty to replace the shoe.  In fact, the medical records indicate that the Plaintiff had been instructed to have his family return the brace for repair.  (ECF No. 97-1, p. 408).

(*Id.* at 2).

The undersigned proposes that the presiding District Judge **FIND** that, even assuming that the plaintiff's leg condition or the pain in his right shoulder could be considered serious medical needs, there is no evidence that Dr. Wong was deliberately indifferent to those needs.  Rather, the undisputed evidence of record largely demonstrates the plaintiff's disagreement with the professional judgment and course of treatment selected by Dr. Wong.  At most, the allegations in the plaintiff's Amended Complaint and the undisputed evidence of record might support a claim of negligence, which is not actionable under the federal constitution and section 1983.

Based upon the undisputed facts, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to establish that Dr. Wong was deliberately indifferent to any serious medical need of the plaintiff.  Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Dr. Wong is entitled to judgment as a matter of law on the plaintiff's Eighth Amendment claim.

14

<u>The Medical Professional Liability Act</u>

Dr. Wong also asserts that, to the extent that the plaintiff's Amended Complaint is alleging that the her conduct constitutes negligence or medical malpractice, which does not rise to the level of a constitutional violation, it is undisputed that the plaintiff has failed to satisfy the pre-requisites of the West Virginia Medical Professional Liability Act ("MPLA"), specifically, W. Va. Code § 55-7B-6(b), which requires a person bringing a medical malpractice action to serve a notice of claim and a screening certificate of merit <u>from a qualified expert health care provider</u> indicating that a defendant's conduct violated the applicable standard of care, which resulted in injury to the plaintiff, and this notice and certificate must be served on the proposed defendants at least 30 days prior to filing suit. *See Boggs v. Camden-Clark Memorial Hosp. Corp.*, 609 S.E.2d 917 (W. Va. 2004); *Davis v. Mound View Health Care, Inc.*, 640 S.E.2d 91 (W. Va. 2006). (ECF No. 87 at 7-8). Dr. Wong's Memorandum of Law further asserts:

> By his failure to comply with the provisions of W. Va. Code § 55-7B-6, the plaintiff has failed to demonstrate through the mandatory screening procedure that his claim[s] against these Defendants have been appropriately screened by an expert and certified as being worthy of pursuit in litigation. The purpose of requiring the notice of claim and screening certificate of merit prior to the filing of a medical malpractice claim is twofold: "(1) to prevent the making and filing of frivolous medical malpractice claims and lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims." *Hinchman v. Gillette*, 618 S.E.2d 387, 394 (W. Va. 2005).

(*Id.* at 7). Dr. Wong further asserts that this requirement applies to cases filed in both state and federal court. *See Stanley v. United States*, 321 F. Supp.2d 805, 807 (N.D. W. Va. 2004); *see also Gaylor v. Dagher*, Case No. 2:10-cv-00258, 2011 WL 482834, 2011 U.S. Dist. LEXIS 12400 (S.D. W. Va., Jan. 14, 2011) (unpublished); *Motto v. Correctional Medical Services,* Case No. 5:06-cv-00163, 2007 WL 2897854, 2007 U.S.

Dist. LEXIS 72436 (S.D. W. Va. Sept. 27, 2007) (unpublished decision).

The MPLA defines "health care" to mean "any act or treatment performed or furnished or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." *See* W. Va. Code § 55-7B-2(e). The MPLA defines "medical injury" as meaning "injury or death to a patient arising out of or resulting from the rendering of or failure to render health care." *See* W. Va. Code § 55-7B-2(h). The MPLA defines "health care provider" to include a person, . . . licensed or certified in this state or another state, to provide health care or professional health care services, including, but not limited to, a physician, osteopathic physician, registered or licensed practical nurse, . . . or any officer, employee or agent thereof acting in the course and scope of such officer's, employee's or agent's employment." *See* W. Va. Code § 55-7B-2(g). The MPLA governs "any liability for damages resulting from . . . injury of a person for any tort . . . based on health care services rendered or which should have been rendered, by a health care provider or health care facility to a patient." *See* W. Va. Code § 55-7B-2(i).

The plaintiff's Response states that he is not claiming medical negligence by Dr. Wong and, thus, no notice of claim or screening certificate is necessary. (*Id.*)

Dr. Wong's Reply appears to assert that the MPLA pre-filing requirements also apply to claims of deliberate indifference to a serious medical need. The undersigned disagrees. In fact, the case law cited by Dr. Wong in her Reply specifically contradicts this premise. In *Gaylor v. Dagher*, Case No. 2:10-cv-00258, 2011 WL 482834, 2011 U.S. Dist. LEXIS 12400 (S.D. W. Va., Jan. 14, 2011) (unpublished), Magistrate Judge Mary E. Stanley recommended that United States District Judge Goodwin find that the MPLA was only applicable to a potential negligence claim brought by the *pro se* prisoner

16

whose allegations supported both deliberate indifference and negligence claims.  The

Proposed Findings and Recommendation specifically stated:

> Plaintiff's Complaint clearly contains allegations that assert both claims of negligence and deliberate indifference to a serious medical need. Despite Defendant's assertions, the pre-filing requirements of the MPLA have no application to an inmate's alleged violation of his rights under the Eighth Amendment based upon a claim of deliberate indifference to a serious medical need, because state substantive and procedural law have no application to a cause of action based solely on a federal question.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state"); *Foreman v. FCI Beckley*, Case No. 5:04-cv-01260, 2006 WL 4537211 (S.D. W. Va. Mar. 29, 2006) (Medical negligence claim brought under FTCA was dismissed for failure to comply with the MPLA pre-filing requirements, but *Bivens* claim for deliberate indifference to serious medical needs was not dismissed).    Thus, Defendant's MPLA argument has no effect on Plaintiff's Eighth Amendment claim, which has been recommended for dismissal on its merits.

> To the extent that Plaintiff has alleged a negligence or medical malpractice claim against Defendant, however, he is required to comply with the pre-filing provision of the MPLA.

2011 WL 482834 at *11.  This Proposed Findings and Recommendation was adopted by

then Chief Judge Goodwin on July 25, 2011.  *See Gaylor v. Dagher*, 2011 WL 3047747

(S. D. W. Va. Jul. 25, 2011).

Also, in *Motto v. Correctional Medical Services,* Case No. 5:06-cv-00163, 2007

WL 2897854, 2007 U.S. Dist. LEXIS 72436 (S.D. W. Va. Sept. 27, 2007) (unpublished

decision), United States District Judge Thomas E. Johnston adopted a Proposed

Findings and Recommendation submitted by United States Magistrate Judge R. Clarke

VanDervort.  Judge Johnston's Order, which was also cited by Dr. Wong in her Reply

herein, stated as follows:

> As noted by the magistrate judge, based upon the circumstances of this case, Plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of

17

> material fact with respect to the Medical Defendants' breach of the duty of
> care.  The Court FINDS that Plaintiff has failed to satisfy the mandatory
> screening certificate of merit requirement of W. Va. Code § 55-7B-6.

*See* 2007 WL 2897854 at *6.  Judge Johnston's reference to the "breach of the duty of care" would appear to be describing only a medical negligence claim.  The undersigned interprets these decisions to find that the MPLA is certainly applicable to a state law negligence claim brought against a medical provider in federal court, but that the MPLA is not applicable to a deliberate indifference claim, which arises under the guarantees provided by the Eighth Amendment of the United States Constitution.

Based upon the plaintiff's representations in his Response that he is either not asserting a negligence claim against Dr. Wong, or has effectively abandoned such a claim, analysis of the application of the MPLA in this case appears to be unnecessary. Nevertheless, to the extent that the plaintiff's Amended Complaint contains allegations that would support a negligence or medical malpractice claim, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not complied with the MPLA requirements and dismissal of any such claim is required.

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Dr. Wong's Motion to Dismiss or in the alternative, Motion for Summary Judgment (ECF No. 86).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with

the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.


December 10, 2014

Dwane L. Tinsley
United States Magistrate Judge