IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHELBY DEAN SKAGGS,

        Plaintiff,

v.                                      CIVIL ACTION NO.   3:13-3293

MICHAEL CLARK, Administrator,
DR. DOMINIQUE WONG, and
OFFICER BERLIN
        Defendants.

**MEMORANDUM OPINION AND ORDER**

Proceeding on Plaintiff's Amended Complaint (ECF No. 80), this matter concerns allegations of deliberate indifference to a serious medical need by Defendants Dr. Dominique Wong, Michael Clark, and Officer Berlin.  This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the Court grant both Defendant Dr. Wong's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 86) and Defendant Berlin's Motion to Dismiss or, in the alternative, Motion to Quash Service (ECF No. 92).  Plaintiff timely filed objections to the finding and recommendations of Magistrate Judge Tinsley.

**I.    BACKGROUND**

**A.  Plaintiff's Complaint and Defendants' Pending Motions**

As summarized in the proposed findings and recommendation, Plaintiff's claims relate to the alleged confiscation of a special shoe worn by the Plaintiff on his left foot by Defendant Michael Clark. Upon confiscation and thereafter, Plaintiff was forced to only use his right shoe and brace, which eventually broke as a result of the added strain. Since his right shoe and brace broke, Plaintiff has been confined to a wheelchair.

Relevant to the instant motion, in his Amended Complaint, Plaintiff alleges that Defendant Dr. Dominique Wong, a contracted medical provider at the Western Regional Jail ("WRJ"), was aware of Plaintiff's condition and demonstrated deliberate indifference to Plaintiff's health and welfare. ECF No. 80. Plaintiff further alleges that Defendant Berlin slammed a steel door into Plaintiff's shoulder upon entering the medical unit on September 16, 2012. Dr. Wong ordered an x-ray of Plaintiff's shoulder after pain had continued for three months. Plaintiff seeks an order requiring provision of a new brace and shoes and award of monetary damages, including payment for future rehabilitation services and operations.

On May 14, 2014, Defendant Dr. Wong filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 86) and a supporting Memorandum of Law (ECF No. 87). Plaintiff filed a Response on June 3, 2014 (ECF No. 97), and Defendant Dr. Wong filed a Reply on June 15, 2014 (ECF No. 98).

On May 20, 2014, Officer Matthew Berlin, by counsel, filed a Motion to Dismiss or, in the alternative, Motion to Quash Service (ECF No. 92) and a supporting Memorandum of Law (ECF No. 93). As explained in the motion, Officer Berlin was no longer employed at the WRJ when service of process by certified mail, return receipt requested was attempted, and therefore, service was improper. ECF No. 93. On May 23, 2014, Magistrate Judge Tinsley directed the Clerk to prepare a new summons and to serve the same certified mail, return receipt requested, to Berlin's

last known home address, which had been provided by defense counsel. ECF No. 94. On May 30, 2014, that summons was returned unexecuted as undeliverable with no known forwarding address. ECF No. 96.

### B. Magistrate Judge's Proposed Findings and Recommendations

The Magistrate Judge performed a thorough review of Plaintiff's complaint, affording his claims the liberal construction required for *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). After reviewing the multiple attempts to serve Defendant Berlin and the court's obligations related thereto, Magistrate Judge Tinsley proposed finding "that the attempted service of process upon Officer Berlin at the WRJ was improper and that such service should be quashed" and "that additional attempts at serving Officer Berlin have been unsuccessful and that there is no viable way to obtain personal jurisdiction over the plaintiff's claim against him." ECF No. 106 at 8. Accordingly, Magistrate Judge Tinsley recommended that the Court grant Defendant Berlin's Motion to Dismiss Amended Complaint or in the alternative Motion to Quash (ECF No. 92). ECF No. 106 at 8.

With respect to Defendant Wong, Magistrate Judge Tinsley proposed finding that Plaintiff "failed to establish that Dr. Wong was deliberately indifferent to any serious medical need of the Plaintiff." ECF No. 106 at 14. ECF No. 106 at 14. Instead, Magistrate Judge Tinsley noted that that undisputed evidence in the record showed mere disagreement with Dr. Wong's medical judgment, not deliberate indifference to Plaintiff's complaints. Accordingly, Magistrate Judge Tinsley recommended that Dr. Wong is entitled to judgment as a matter of law with respect to Plaintiff's Eighth Amendment claim. ECF No. 106 at 14. Despite Plaintiff's unequivocal representation in his Response that he is not alleging a medical negligence claim against Dr. Wong, Magistrate Judge Tinsley nonetheless generously considered the possible merits of a

medical negligence claim, and finding none owing to procedural defaults, again recommended that the Court grant Defendant Wong's Motion to Dismiss.

### C. Plaintiff's Objections

Plaintiff's Objections to the findings and recommendations of the Magistrate Judge were timely filed on December 24, 2014 (ECF No. 109). Regarding Defendant Berlin's Motion to Dismiss or, in the alternative, Motion to Quash Service (ECF No. 92), Plaintiff's objections to the Magistrate Judge's findings and recommendation begin with explaining that Plaintiff never received such motions or supporting memoranda nor was he afforded notice that either had been filed. Plaintiff goes on to argue that the court has a continuing obligation to effect service on his behalf. Finally, Plaintiff questions the appropriateness of a defendant who has not been or cannot be served nonetheless managing to file a motion for the Court.

Regarding Defendant Dr. Wong's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, Plaintiff's objections include a recitation of facts he argues support his claim against Dr. Wong. Those facts highlight that: (1) Dr. Wong was the examining physician who concluded Plaintiff's shoe and brace were unsafe to wear; and (2) despite the fact that Dr. Wong offered deposition testimony that she only treats patients with acute, not chronic, medical problems, the record nonetheless demonstrates that Dr. Wong indeed treated Plaintiff for his chronic condition.

Plaintiff further objects to Magistrate Judge Tinsley's findings and recommendations on the ground that Plaintiff was never informed that Magistrate Judge Tinsley would be assigned to his case. Plaintiff goes on to allege that Magistrate Judge Tinsley is biased in cases involving incarcerated individuals and that such bias stems from his former role as a prosecutor. Plaintiff

insists that bias on the part of Magistrate Judge Tinsley is evident in examining his responses to Defendants' motions as compared to Plaintiff's motions.

## II. ANALYSIS

This Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Petitioner objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### A. Defendant Berlin's Motion to Dismiss or, in the alternative, Motion to Quash

As reviewed by Magistrate Judge Tinsley, the court is responsible for service of process on behalf of Plaintiff, who is proceeding *in forma pauperis*. 28 U.S.C. § 1915(d). This requirement, however, does not transform the court into an advocate for Plaintiff. Here, two attempts at service of the summons for Defendant Berlin were made—the first to the place of his previous employment and the second to a last known residence provided by defense counsel.

Plaintiff claims in his Objections that he never received notice or copies of Defendant Berlin's motion and memorandum challenging the adequacy of service. ECF No. 109. Defendant Berlin's motion and memorandum were filed on May 20, 2014. ECF Nos. 92 and 93. Shortly thereafter, on May 23, 2014, Magistrate Judge Tinsley entered an Order directing the Clerk to issue a new summons and effect service of the same. ECF No. 94. The opening sentence of that Order announces the inciting motion filed on behalf of Defendant Berlin. On the basis of that

Order, Plaintiff reasonably could have understood that there were relevant pending motions before the Court. Regardless, through Plaintiff's Objections he has been afforded an opportunity to respond to the instant motion, and the Court is now conducting a *de novo* review.

Plaintiff asks in his Objections how the Court expects him to be able to properly serve Defendant Berlin while incarcerated if the court itself is unable to do so. Notwithstanding the difficulties faced by an incarcerated plaintiff, it is not yet, and cannot become, the role of the courts to track down defendants on behalf of incarcerated plaintiffs. At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information—which is absent here—can the courts execute service.

That an attorney has filed a Motion to Dismiss or Quash Service on behalf of Defendant Berlin does not change Plaintiff's obligation to facilitate service by providing the court with an address and does not provide this Court with personal jurisdiction over Plaintiff's claims against Defendant Berlin. Accordingly, the Court grants Defendant Berlin's Motion and dismisses Defendant Berlin as a defendant herein.

### B. Defendant Wong's Motion to Dismiss or, in the alternative, Motion for Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23-2-(1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

Deliberate indifference to a serious medical need is a markedly high constitutional standard:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832–35; *Sosebee v. Murphy*, 797 F.2d 182–83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296–97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va. Feb. 21, 2008). Under this standard, mere disagreements between an inmate and a medical provider over diagnosis and treatment cannot support a deliberate indifference claim; such disagreements regarding medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). The Fourth Circuit has further explained that inmates' qualified access to healthcare and treatment may be limited to what is medically necessary, to the exclusion of "that which may be considered desirable" by the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47–48 (4th Cir. 1977).

Upon review of the record, the Court agrees with the conclusion reached by Magistrate Judge Tinsley that Plaintiff has failed to show that Dr. Wong was deliberately indifferent to any serious medical need of Plaintiff. As noted in Plaintiff's Objections, Dr. Wong indeed provided

medical care to Plaintiff related to his chronic medical condition, and Dr. Wong was necessarily aware of Plaintiff's complaints related to both his legs and his shoulder. However, neither of Plaintiff's conditions rises to the level of being a serious medical need for purposes of an Eighth Amendment claim. Even assuming either or both conditions might be deemed serious medical needs, Plaintiff has similarly not produced evidence showing that Dr. Wong was deliberately indifferent to Plaintiff's complaint. Quite the contrary, she prescribed medication to ease Plaintiff's pain and discomfort and ordered diagnostic testing. Plaintiff's disagreements regarding the adequacy of treatment might have supported a medical negligence claim—which Plaintiff has specifically renounced—but such disagreements and dissatisfaction with the provision of qualified medical care offered while incarcerated do not state a viable Eighth Amendment claim. Accordingly, the Court grants Defendant's Wong's Motion for Summary Judgment.

**C. Objection to Assignment of Magistrate Judge Tinsley**

Finally, Plaintiff generally objects to assignment of Magistrate Judge Tinsley, alleging that Magistrate Judge Tinsley is "bias in cases where anyone incarcerated is involved, him being a former prosecutor."[1] ECF No. 109. In support of his allegation, Plaintiff offers that Magistrate Judge Tinsley granted Defendants motions in 3-days' time and denied Plaintiff's request to have a deposition taken. *Id.*

This matter was transferred to Magistrate Judge Tinsley on May 15, 2014, after a conflict arose preventing Magistrate Judge Eifert from continuing. ECF No. 88. Since that time, Magistrate Judge Tinsley indeed issued one Order within 3-days of a defendant filing a motion.

---

[1] The Court need not conduct a *de novo* review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). Nonetheless, the Court will briefly respond to Plaintiff's allegation of bias.

ECF No. 94. However, that Order was an attempt to aid Plaintiff by directing that the Clerk issue a new summons and attempt service of the same against Defendant Berlin. *Id.* In the opinion of this Court, Magistrate Judge Tinsley acted more than fairly and with a response that was decidedly to Plaintiff's benefit. With respect to other requests made by Plaintiff, decisions by Magistrate Judge Tinsley have been similarly fair. That some among Plaintiff requests have been denied hardly demonstrates a lack of fairness, as fairness does not equate to invariably favorable dispositions. In short, Plaintiff's allegations of bias are baseless. This Court has never had previous occasion to doubt the ethics and judgment of Magistrate Judge Tinsley, and Plaintiff's baseless allegations do nothing to shake this Court's confidence in the honorable judicial service he consistently renders.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's objections and **ACCEPTS AND INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge. The Court **GRANTS** Defendant Berlin's Motion to Dismiss or, in the alternative, Motion to Quash Service (ECF No. 92). Furthermore, the Court **GRANTS** Defendant Dr. Dominique Wong's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 86)

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER: January 21, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE