IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

SHELBY DEAN SKAGGS,

      Plaintiff,

v.                              Case No. 3:13-cv-03293

MICHAEL CLARK,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Robert C. Chambers, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The remaining claim on which this matter is proceeding is a claim of deliberate indifference to a serious medical need by Michael Clark ("Clark"), former Administrator of the Western Regional Jail ("WRJ"), as asserted in the plaintiff's Amended Complaint (ECF Nos. 2 and 80).[1] Pending before the court is Clark's Motion for Summary Judgment (ECF No. 117).

## THE PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff's claim arises out of Clark's alleged confiscation, on or about April 14, 2012, of a special shoe containing an elevation insert that was worn by the plaintiff on his left foot in order to compensate for a difference in his leg length as a result of a mining

---

[1] Although the court permitted the amendment of the plaintiff's Complaint to include claims against former defendants Wong and Berlin contained in the Amended Complaint in ECF No. 80, those claims were previously dismissed and the only allegations against defendant Clark are contained in the original Complaint (ECF No. 2). Accordingly, the undersigned will cite only to ECF No. 2 herein.

accident in 1983.  The plaintiff also wore a brace on his right leg and a special shoe on his right foot.  The plaintiff alleges that, after his left shoe was taken, he was forced to use only his right shoe and brace until they broke from the added strain, which forced him to subsequently be confined to a wheelchair.

> In his Complaint, the plaintiff alleges the following against defendant Clark:

> Mr. Clark took my left shoe which matched my right shoe which has a brace built into it and a lift because of an accident in coal mines in 1983.  Now brace and right shoe are broken and torn up.  Jail says it is a pre-existing condition and they can't do anything about it.  Department of Corrections won't answer my letter.  Now I am in a wheelchair.  I've had to wear this brace and shoes since 1984.  Different sets of shoes and different braces.

(ECF No. 2 at 4-5).  Although the Complaint does not specifically so assert, the court has construed the plaintiff's claim against defendant Clark as one brought under the Eight Amendment of the United States Constitution.  The Complaint sought monetary damages and injunctive relief.  Subsequent to the filing of the Complaint, the plaintiff was transferred to the Saint Marys Correctional Center.  Accordingly, his requests for injunctive relief were denied as moot.  (ECF No. 77).  The claims against defendant Clark in his official capacity were also dismissed.  (*Id.*)  However, the claim for monetary damages against defendant Clark in his individual or personal capacity was permitted to proceed.  (*Id.*)

In reviewing a separate Motion to Dismiss filed by defendant Dr. Dominique Wong, on January 21, 2015, the presiding District Judge found that the plaintiff's leg condition did not rise to the level of being a serious medical need for purposes of an Eighth Amendment claim.  (ECF No. 111 at 8).  In the same Memorandum Opinion and Order, the Court further found that, even if the plaintiff's condition did rise to such a level, Dr. Wong was not deliberately indifferent thereto.  (*Id.*)

On June 19, 2015, defendant Clark filed a Motion for Summary Judgment (ECF No. 117), asserting that the plaintiff has not sufficiently demonstrated an Eighth Amendment violation and that Clark is entitled to qualified immunity on the plaintiff's claim against him.  On July 6, 2015, the plaintiff filed a Response to defendant Clark's Motion for Summary Judgment.  (ECF No. 119).  On July 13, 2015, defendant Clark filed a Reply brief.  (ECF No. 120).  This matter is ripe for adjudication.

## <u>STANDARD OF REVIEW</u>

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010).  Material facts are those necessary to establish the elements of a party's cause of action.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant.  *Id.*  The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may:  (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

4

## ANALYSIS

### *Deliberate indifference to a serious medical need*

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.,* at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.,* at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*, at 837.  "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d

203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or
> reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).
> A defendant acts recklessly by disregarding a substantial risk of danger that
> is either known to the defendant or which would be apparent to a reasonable
> person in the defendant's position. *See id.* Nevertheless, mere negligence
> or malpractice does not violate the Eighth Amendment. *See Estelle*, 429
> U.S. at 106.

*Miltier*, 896 F.2d at 851-852. The burden of demonstrating deliberate indifference to a

serious medical need is very high. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim
> involves a condition that places the inmate at a substantial risk of serious
> harm, usually loss of life or permanent disability, or a condition for which
> lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35;
> *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582
> F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock*

*Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For

example, in *Sosebee*, the Fourth Circuit found that if prison guards were aware that a

steak bone had pierced an inmate's esophagus, causing infection that resulted in the

inmate's death, and the guards had intentionally abstained from seeking medical help,

such conduct <u>might</u> establish deliberate indifference to a serious medical need.

In *Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977), the plaintiff, who had

complained numerous times of eye problems and loss of vision, claimed that he was

cursorily examined after his initial complaint, but never re-examined despite later

complaints. The doctor claimed that he examined Webster several times, but never

diagnosed a medical problem with his eye. *Id.* at 1286. Subsequently, a specialist found

that Webster's vision had deteriorated to 20/400 and that he suffered from a detached

retina and iritis, and that his vision could not be restored. *Id.* The Fourth Circuit found

that, even if the doctor had been negligent in failing to properly diagnose or treat Webster, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need and, thus, Webster's allegations did not constitute a cognizable constitutional claim. *See also, Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Furthermore, it is well-settled that prison officials are entitled to rely upon the professional judgment of trained medical personnel. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); *Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995). Thus, to establish a claim of deliberate indifference against non-medical prison personnel, such as defendant Clark, a plaintiff must demonstrate that the official was personally involved in the treatment or denial of treatment, or that they deliberately interfered with the treatment, or that they tacitly authorized or were indifferent to the medical provider's misconduct. *Miltier*, 896 F.2d at 853.

### Qualified immunity

As noted by defendant Clark, qualified immunity may shield a governmental official sued in their individual capacity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has developed a two-prong analysis for ruling on an issue of qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

A court must consider whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" If the allegations do not give rise to a constitutional violation, no further inquiry is necessary. *Id.* If, on the other hand, a violation can be shown, then the court must determine whether the right was clearly established in the specific context of

the case at the time of the alleged misconduct.  *Id.*; *see also Pearson*, 555 U.S. at 232.  The court may also consider whether the right was clearly established first.  *Id.*

In his Memorandum of Law in support of his Motion for Summary Judgment, and his accompanying Affidavit, defendant Clark asserts that he agreed with the assessment of the medical staff that the plaintiff should continue to wear the shoes and brace, and that he was under the impression and belief that the plaintiff would continue to wear them.[2]  (ECF No. 118 at 1 and Ex. A).  Although defendant Clark apparently did not specifically follow up to ensure that the plaintiff's left shoe was returned to him, he asserts that he was not deliberately indifferent to, or in any way interfered with, the plaintiff's medical treatment, and he contends that he was not even aware that the plaintiff's left shoe had not been returned to him until the instant lawsuit was filed.  (*Id.* at 2-3 and Ex. A).

The plaintiff's Response argues that, as a result of defendant Clark's conduct, he "was deprived his medically prescribed left boot despite his need and advice of medical staff at PrimeCare Medical, his medical provider.  Such a deprivation demonstrating a profound deliberate indifference on the part of defendant Clark for whatever personal reasons."  (*Id.* at 2-3).  The plaintiff also disputes Clark's assertion that he was unaware that the left shoe had not been returned to the plaintiff until the filing of this lawsuit, contending that, on October 23, 2012 (four months and two days prior to the filing of the instant lawsuit), he filed a grievance requesting that his left shoe be returned.  (*Id.* at 6).[3]

---

[2] The evidence of record further demonstrates that the plaintiff was advised by the medical staff that he and his family were responsible for replacing the right shoe and brace, which were still under warranty.  (*Id.* at 2 and Exs. B and C).  After the plaintiff's family allegedly refused to have the broken right brace and shoe repaired, they were taken away from him by the medical staff and he was placed in a wheelchair.  (*Id.* at 2 and Exs. D and E).
[3]  The undersigned does not believe that the alleged October 23, 2012 grievance has been made a part of the record before this court.

The plaintiff's Response also disputes, for the first time, the District Court's prior finding that the plaintiff's leg condition does not rise to the level of a serious medical need. His Response further states:

> In this case, however, and in derogation to the court's ruling in [*Bennett v. Reed*, 534 F. Supp.83, 87 (E.D.N.C. 1981)],[4] the plaintiff's condition was exasperated [sic; exacerbated?] by the defendant's action of removing and withholding the "ortho shoe" and then not addressing the issue until the brace broke down. Then the answer was a non-treatment by simply placing the plaintiff indifferently in a wheelchair.

(*Id.* at 9). The plaintiff Response further contends:

> The interference was clear. Defendant Clark took the left shoe – the "ortho shoe" – consulted with medical the following day, was informed the shoe should continue to be worn, ignored medical, the plaintiff's condition deteriorated until a wheelchair was necessary and the shoe remained seized on his order. The "ortho shoe" remained "taken" and "seized" and under the direct and solitary control of defendant Clark for the entire duration of this plaintiff's confinement at Western Regional Jail and under the care and custody of defendant Clark for the entire duration of his officiation until Clark's dismissal. This period extended for over a year with continuing pain and suffering present.

> Due to such delay in having use of the medically prepared left shoe it caused a detrimental effect and a[n] 8th Amendment violation and the violation is not premised upon the detrimental effect of the delay, but the delay alone in providing medical care which creates a substantial risk of harm. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).

(*Id.* at 10-11).[5] The plaintiff's Response further contends that defendant Clark is not entitled to qualified immunity on his Eighth Amendment claim. (*Id.* at 13-16).

Clark's Reply asserts that the plaintiff has offered only conclusory allegations that he ignored the medical provider's advice and ordered that the left shoe be taken away. (*Id.* at 2). Notwithstanding the plaintiff's unsupported contention that he filed a

---

[4]   In *Bennett*, the court found no deliberate indifference where prison officials made a sincere and reasonable effort to handle the plaintiff's medical problems.

[5]   The plaintiff's Response also contains additional arguments asserting that defendant Clark was "practicing medicine without a license." The undersigned finds this argument to be frivolous and finds it unnecessary to further address such allegations.

grievance concerning this issue, Clark reiterates his assertion that he had no personal knowledge that the shoe had not been returned to the plaintiff until this lawsuit was filed, and that he had no involvement or interference in the plaintiff's medical treatment. Clark asserts that the evidence of record, consisting of the plaintiff's medical records, demonstrates the following:

> Plaintiff was seen in the medical unit on July 25 and 30, 2012 and January 6 and 7, 2013 regarding complaints with his legs. There is no mention in these medical records that Mr. Clark ordered, had knowledge, or was consulted about Plaintiff's medical treatment. Other than conclusory allegations that Mr. Clark supposedly ignored the medical assessment of PrimeCare Medical staff, there is nothing in the record to substantiate that Mr. Clark violated a constitutional right belonging to Plaintiff.

(*Id.* at 4). Accordingly, Clark again asserts that the plaintiff has not demonstrated deliberate indifference sufficient to establish an Eighth Amendment claim and that he is entitled to qualified immunity on such a claim. (*Id.* at 2-4).

The plaintiff has not produced the October 23, 2012 grievance which he maintains will support a finding of deliberate indifference by defendant Clark, or any other competent evidence to dispute Clark's Affidavit. Moreover, he has not provided sufficient argument to overcome the presiding District Judge's prior legal finding that his condition does not rise to the level of a serious medical need. Based upon the undisputed evidence of record, at most, the plaintiff might be able to establish that defendant Clark was negligent in failing to ensure that the plaintiff's left shoe was returned to him. Negligence is insufficient to establish an Eighth Amendment claim.

Thus, the undersigned proposes that the presiding District Judge **FIND** that the undisputed evidence of record fails to establish a genuine issue of material fact concerning the conduct of defendant Clark that would sufficiently give rise to an Eighth Amendment claim, and, therefore, Clark is entitled to qualified immunity and judgment as a matter of

law on the plaintiff's Eighth Amendment claim against him.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Clark's Motion for Summary Judgment (ECF No. 117) and dismiss this civil action from the docket of the court.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing party and Chief Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 22, 2016

Dwane L. Tinsley
United States Magistrate Judge